**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERTO RAMIREZ,

        Petitioner,                        Case Number: 06-CV-14943

v.                                         HON. JOHN CORBETT O'MEARA

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case filed under 28 U.S.C. § 2241. Petitioner Roberto Ramirez, a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan, is proceeding *pro se*. Petitioner challenges the policies of the Federal Bureau of Prisons (BOP) concerning his eligibility for placement in a Community Corrections Center ("CCC"), also known as a Residential Reentry Center ("RRC"). The Court determines that the BOP's revisions to the challenged policy and regulations render this petition moot.

### II. Procedural History

Petitioner was convicted in the United States District Court for the Northern District of Illinois of conspiracy to distribute a controlled substance and distribution of a controlled substance. On June 13, 2001, he was sentenced to a 132-month term of imprisonment and five years' supervised release. He currently has a projected release date of October 17, 2009.

On July 28, 2006, Petitioner requested consideration for placement in a RRC. Respondent denied Petitioner's request, stating that Petitioner would be eligible for RRC

placement on April 17, 2009. Petitioner appealed the warden's decision. The Regional Director for the Bureau of Prisons stated that placement in an RRC would be possible only during the last ten percent of Petitioner's sentence, and that such placement could not exceed six months. Petitioner appealed the Regional Director's decision to the Central Office for Administrative Appeals. The Central Office denied his appeal.

Petitioner has filed a habeas petition seeking an order invalidating the BOP's regulations concerning CCC placement.

### III. Analysis

This matter is before the court on Respondent's pleading entitled "Suggestion of Mootness" in which Respondent contends that the instant habeas petition has been rendered moot by the enactment of the Second Chance Act of 2007, Pub. L. No. 110-199, which was signed into law on April 9, 2008. Respondent argues that the Second Chance Act amends the BOP's statutory authority for making CCC placements, effectively invalidates the BOP's prior policies and regulations, and applies to all inmates who have not yet been transferred to a CCC. Petitioner has not filed a reply to Respondent's pleading.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th

Cir. 2004) (internal quotation omitted).  Additionally, when a challenged regulation has been superceded by a new regulation, "'the issue of the validity of the old regulation is moot, for this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'"  *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Two statutes form the basis for the BOP's authority to designate the place of confinement of federal prisoners.  The first, 18 U.S.C. § 3621(b), states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

The second relevant statute, 18 U.S.C. § 3624(c), charges the BOP with facilitating a prisoner's reentry into society. It states, in relevant part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c).

Prior to December 2002, the BOP allowed prisoners to be placed "'in a CCC for more than the 'last ten per centum of the term,' or more than six months, if appropriate." *Levine v. Apker*, 455 F.3d 71, 75 (2d Cir. 2006) (*quoting* U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 7310.04 (Dec. 16, 1998)). In December 2002, the Department of Justice Office of Legal Counsel issued a memorandum announcing a "significant procedure change" in the BOP's policy of placing offenders in CCCs for all or a significant portion of their sentences. *United States v. Sherpa*, 251 F. Supp. 2d 988, 990 (D. Mass. 2003) (internal quotation omitted). The 2002 memorandum concluded that § 3621 did not confer general authority on the BOP to place an offender in a CCC at any time or for any period of time. Instead, the memorandum concluded that the BOP's authority to place an offender in community confinement derived solely from § 3624(c), which limits the time an offender may be placed in a CCC to the lesser of six months or ten percent of the offender's sentence. *See Woodall v. Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005). On December 20, 2002, the BOP adopted a new policy reflecting the Office of Legal Counsel's position that inmates may only be released to community confinement for the last ten percent of their terms of imprisonment or six months, whichever is

shorter. *See id.*

Shortly after the BOP's adoption of this new policy in December 2002, offenders nationwide filed a flurry of lawsuits challenging its validity. The First and Eighth Circuit Courts of Appeals found this 2002 policy unlawful because it limited the BOP's discretion to transfer offenders to a CCC, restricting transfer only to the last 10 % of an offender's sentence or six months, in contravention of the plain meaning of § 3621(b), which grants general authority to the BOP to transfer prisoners at any time during their term of incarceration after an individualized determination of the appropriateness of a transfer based upon certain enumerated factors. *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004); *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004).

In response to these decisions, the BOP adopted new rules regulating CCC placement, effective February 14, 2005.[1] The regulations, 28 C.F.R. §§ 570.20 and 570.21, were announced as a "categorical exercise of discretion [by the BOP] for designating inmates to community confinement." 28 C.F.R. § 570.20. The regulations categorically deny CCC placement to any inmate not in the lesser of the last 10 % or six months of his sentence, except under certain limited, enumerated circumstances:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority for example, residential substance abuse treatment program (18 U.S.C. § 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. § 4046(c)).

---

[1] The United States District Court for the District of Massachusetts aptly described the 2005 rules as follows: "[T]he BOP adopted a set of rules in January, 2005 adopting much the same policy [as that expressed in the 2002 rules] but anchoring it to a different theory." *Muniz v. Winn*, 462 F. Supp. 2d 175 (D. Mass. 2006).

28 C.F.R. §§ 570.21.

Petitioner challenges the validity of the 2005 regulations. This Court and three other judges in this district have held the BOP's policy of categorically excluding placement in community confinement until the last ten percent or six months of a prisoner's sentence is contrary to congressional intent and that the BOP must apply the factors in 18 U.S.C. § 3621(b) when considering placement in a CCC. *See Luckett v. Eichenlaub*, No. 07-10118, 2007 WL 3124666 (E.D. Mich. Oct. 24, 2007); *Halter v. Eichenlaub*, No. 07-11072, 2007 WL 2873944 (E.D. Mich. Sept. 25, 2007); *Weirup v. Eichenlaub*, No. 07-10672, 2007 WL 2300715 (E.D. Mich. Aug. 7, 2007); *Holloway v. Marberry*, No. 06-12516, 2007 WL 1880386 (E.D. Mich. June 27, 2007).

Congress recently amended 18 U.S.C. § 3624(c)(1) through the enactment of the Second Chance Act of 2001, Pub.L. No. 110-199. The Second Chance Act amends 18 U.S.C § 3624(c)(1) to provide that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692. "In reaction to this statute, and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Miller v. Whitehead,* 527 F.3d 752*,* 755 (8th Cir. 2008). The BOP's guidance memorandum also emphasizes that the 2005 regulations and "any previous guidance memorandums that were issued regarding those regulations" are inapplicable and must not be followed. *Ryno v. Berkebile*, No. 3:08-CV-0277-G, 2008 WL 2717181, *2 (N.D.Tex.

July 10, 2008) (quoting Mem. for Chief Exec. Officers at 1). As one court has explained, the prior regulations "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, No. 3:08-CV-0267-L, 2008 WL 2531430, *2 (N.D. Tex. June 23, 2008) (accepting magistrate judge's report).

Petitioner seeks the invalidation of the categorical ten percent limitation in the existing regulations. That end has been accomplished by passage of the Second Chance Act. Petitioner also seeks an individual, rather than categorical, determination of how much time he would spend in an RRC. That end also has been accomplished by the passage of the Second Chance Act. Several federal courts have held that the Second Chance Act renders claims challenging the BOP's prior policies and regulations moot. *See, e.g., McGavock v. Berkebile*, No. 3-08-CV-9-P, 2008 WL 4540185, *2 (N.D. Tex. Oct. 8, 2008) (adopting magistrate judge's report); *Ryno v. Berkebile*, No. 3:08-CV-0277-G, 2008 WL 2717181, *2 (N.D. Tex. July 10, 2008) (same). This Court agrees. The court cannot grant Petitioner any further relief on his habeas claims. His petition has thus been rendered moot and must be dismissed.

## IV. Conclusion

The Court finds that the enactment of the Second Chance Act and the BOP's updated policies regarding RRC placement have rendered moot the issues raised in the pending petition. Therefore, the matter is DISMISSED for lack of jurisdiction.


                s/John Corbett O'Meara
                United States District Judge

Date: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 30, 2008, by electronic and/or ordinary mail.

                                                                          s/William Barkholz
                                                                          Case Manager